STATE OF NORTH CAROLINA v. JESSE JOHNSON AND JAMES HENRY COLLINS

No. 7420SC621

(Filed 18 September 1974)

**1. Criminal Law § 26— one act — two offenses**

The same act may constitute two or more offenses which are distinct from each other, and in such cases the accused may be separately prosecuted and punished for each.

**2. Criminal Law § 26; Robbery § 2— same evidence rule — double jeopardy**

Where the facts alleged in a second indictment, if given in evidence, would have sustained a conviction under the first indictment, or where the same evidence would support a conviction in each case, the "same evidence" rule can be applied to show double jeopardy; however, that rule was not applicable in this armed robbery case where defendants had previously been tried and found guilty of robbing one victim, and they were subsequently tried for robbery of a second victim.

State v. Johnson

3. **Criminal Law § 26; Robbery § 2— robbery of two people — separate offenses**

The armed robbery of each of two people was a separate and distinct offense for which defendants could be prosecuted and punished.

4. **Criminal Law § 66— identification testimony — leading questions on voir dire**

The trial court did not err in permitting leading questions in the voir dire examination of two witnesses as to their identification testimony.

5. **Criminal Law § 66— in-court identification of defendants — observation at crime scene as basis**

Evidence was sufficient to support the trial court's finding that an in-court identification of defendants was based on the witnesses' observations at the crime scene where such evidence tended to show that the crime occurred in a well-lighted building, the witnesses were in the presence of defendants for approximately ten minutes, and the witnesses viewed the full face of each defendant.

6. **Criminal Law § 93— order of proof — discretionary matter**

It is within the discretion of the trial judge to permit, in the interest of justice, the examination of witnesses at any stage of the trial, and this discretion to determine the order of testimony will not be interfered with unless it is abused.

7. **Criminal Law § 80— reference by witness to notes**

A law enforcement agent may properly use notes taken during an investigation to improve his recollection as to specific dates and details of an investigation.

APPEAL by defendants from *Seay, Judge,* 11 March 1974 Session of Superior Court held in RICHMOND County.

Defendants Jesse Johnson and James Henry Collins were indicted for armed robbery.

Evidence for the State tended to show the following. On 10 July 1973, Bill Little and Annie Lou Pratt drove the defendants, Jesse Johnson and James Henry Collins to an establishment known as Rib's Place in Windblow, North Carolina. En route the group stopped at the home of June Moore where Collins got a shotgun.

The group arrived at Rib's Place at approximately 8:00 p.m. Shortly thereafter Little and Pratt left, noticing that defendant Collins and Walter Pergues had guns.

Inside Rib's Place, Jimmy Dunn, victim of the robbery, was sitting at a booth with Jimmy Frye and Arthur Duke. Dunn looked up and saw a shotgun in the hand of Collins. The men

were ordered to file behind the counter where they were bound with tape. The defendants then took Dunn's wallet and retrieved his social securtiy card, driver's license, $3.00 in currency and other things located therein.

One of the robbers asked, "You want to kill them now?" to which Collins replied, "No, we don't want to hurt the boys." The men left in a Thunderbird, having taken the keys from Duke. The automobile was later found in a lake behind Bill Little's house.

Both Dunn and Frye observed defendants for approximately ten minutes in the well-lighted room. Dunn testified that he came within a couple of feet of defendants. Frye came within 6 inches of defendant Collins and observed Johnson some 12-15 feet away. Both Dunn and Frye made positive in-court identifications.

Among the evidence offered by defendants was the testimony of Annie Ruth Collins, defendant Collins' sister. She stated that her brother was asleep on her porch during the hours of the alleged robbery and that defendant Johnson was inside her house that same evening until about 9:00 p.m., when he left to go to her sister's house.

Fulton Junior Moore denied that he ever saw defendant Collins get a shotgun at his house. This was contradicted by the State, when SBI agent Van Parker testified that Moore had told him earlier that defendant Collins asked his permission to use his shotgun.

Upon a verdict of guilty as charged, defendants were sentenced to a prison term of not less than 25 nor more than 30 years. This sentence is to run consecutively to any sentence previously imposed.

*Attorney General Robert Morgan by Thomas B. Wood, Assistant Attorney General, for the State.*

*Leath, Bynum & Kitchin by Henry L. Kitchin for defendant appellants.*

VAUGHN, Judge.

Defendant's first contention on appeal is that the trial court erred in trying defendants for this count of armed robbery when defendants had been previously found guilty of another armed robbery which occurred at the same time and place.

State v. Johnson

[1]   It is well-settled that the "same act may constitute two or more offenses which are distinct from each other" and that in such cases "the accused may be separately prosecuted and punished for each." 1 Wharton's Criminal Law, § 394, pp. 537-8. *See State v. Nash,* 86 N.C. 650; *State v. Gibson,* 170 N.C. 697, 86 S.E. 774.

The defendants were charged on three counts of robbery, all of which occurred at the same time and place. In a trial on 12 November 1973, defendants were found guilty of armed robbery of James Frye. Now the defendants are being tried for the armed robbery of Jimmy Dunn. The second indictment under which defendants are now being tried is identical to the first except for the victim and the property taken.

The discussion of this contention of double jeopardy presents two questions: (1) whether the "same evidence" rule can be applied to show double jeopardy and (2) whether the acts of armed robbery do constitute the "same offense."

[2]   The same evidence test is defined in *State v. Hicks,* 233 N.C. 511, 516, 64 S.E. 2d 871, 875, as follows: "Whether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment [citations], or whether the same evidence would support a conviction in each case [citations]."

When applying this test to the case at bar, we find that the same evidence would not support a conviction in each case. Evidence of a robbery of property from the first victim will not support a conviction of a robbery of different property from a different victim. This is analogous to the situation in *Hicks,* wherein Justice Ervin wrote that evidence of conspiracy to damage or injure property owned or used by the Duke Power Company would not support a conviction of a conspiracy to damage or injure property owned or used by Jefferson Standard Broadcasting Company. *State v. Hicks, supra,* at 517, 64 S.E. 2d at 875.

In *State v. Ballard,* 280 N.C. 579, 186 S.E. 2d 372, the Supreme Court applied the same evidence test and determined that defendants had been twice put in jeopardy. That case is distinguishable from the case at bar.

In *Ballard,* the rationale was that " . . . when the lives of all employees in a store are threatened and endangered by the

use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery with firearms is committed." *State v. Potter,* 285 N.C. 238, 253, 204 S.E. 2d 649, 659. In the case at bar, the persons threatened were not employees of one employer victimized by the taking of the employer's property. Each person threatened was a victim, each being robbed of his personal property.

As to the "same offense" doctrine in *Potter, supra,* the majority held that verdicts of guilty in an armed robbery of two cash registers manned by separate employees of a food market were to be considered as a single verdict of guilty of armed robbery. In so finding the Court limited its holding to a situation in which there is "the use or threatened use of a firearm incident to the theft of their employer's money or property." *State v. Potter, supra,* at 253, 204 S.E. 2d, at 659. The Court expressed no opinion as to a factual situation in which the robber takes money or property of an employee or customer.

[3]   Here defendants threatened the use of force on separate victims and took property from each of them. They were not employees. It was not the employer who was robbed. Rather each separate victim was deprived of property. The armed robbery of each person is a separate and distinct offense, for which defendants may be prosecuted and punished.

[4]   Next, we consider the defendant's allegation that it was error for the Court to permit leading questions in the *voir dire* examination of witnesses Frye and Dunn as to their identification testimony. "The trial court has discretionary authority to permit leading questions in proper instances [citation]." *State v. Bass,* 280 N.C. 435, 448, 186 S.E. 2d 384, 393. Further, "the rulings of the judge on the use of leading questions are discretionary," and such rulings are "reversible only for abuse of discretion." 1 Stansbury, N. C. Evidence (Brandis Revision) § 31. *Also see State v. Bass, supra,* at 448, 186 S.E. 2d, at 393.

In *Bass,* the North Carolina Supreme Court held that the trial judge's decision to permit leading questions asked by the solicitor in examining a rape victim on *voir dire* as to identification testimony was permissible and showed no abuse of discretion.

[5]   The third contention of defendant is that the Court erred in finding that the in-court identification of defendants by the witnesses was based solely upon their observation of defendants

at the place of the alleged crime. The trial judge conducted a *voir dire* examination and found the identification to be of independent origin. That finding was fully supported by the evidence.

The robbery occurred inside a well-lighted building. It was not yet dark and the lights were on inside the building. Both witnesses testified that they were in the presence of defendants for approximately ten minutes and that they viewed the full face of each defendant. At one point, witnesses were within one foot of one of the defendants. Such "findings of facts by the trial judge are conclusive when, as here, they are supported by competent evidence. [citations]." *State v. Bass, supra,* at 445, 186 S.E. 2d, at 391. We find no error in the trial court's ruling on this issue.

[6] Fourthly, the defendant contends that the Court erred in permitting the testimony of William Little claiming it constituted improper rebuttal evidence. It appeared to have rebuttal value to the testimony elicited from defendant's witness immediately preceding Little. But even assuming that we did not find Little's testimony to be in the nature of rebuttal, there would not necessarily be error, for the question of rebuttal testimony is generally subject to the sound discretion of the trial court. *Williams v. U. S.,* 151 F. 2d 736. It is within the discretion of the trial judge to permit, in the interest of justice, the examination of witnesses at any stage of trial. *State v. King,* 84 N.C. 737. This discretion to determine the order of testimony will not be interfered with unless it is abused. *State v. Stancill,* 178 N.C. 683, 100 S.E. 241.

[7] Finally, defendant cites as error the Court's allowing SBI Agent Parker to refer to his notes while testifying. A law enforcement agent may properly use notes taken during an investigation to improve his recollection as to specific dates and details of an investigation. In addition, there are a number of cases supporting the proposition that while a witness may usually speak from memory, he may refer to paper, memoranda or other written instruments to refresh his memory. *State v. Peacock,* 236 N.C. 137, 72 S.E. 2d 612; *Steele v. Coxe,* 225 N.C. 726, 36 S.E. 2d 288. It is permissible for the witness to refer to his notes when he cannot properly recall events. *See State v. Staton,* 114 N.C. 813, 19 S.E. 96. *See* 1 Stansbury, N. C. Evidence (Brandis Revision) § 31.

Careful consideration of each of defendant's assignments or error having been given, we find no error.

No error.

Judges CAMPBELL and PARKER concur.