## STATE OF NORTH CAROLINA v. GERSON LEWIS

### No. 7510SC612

### (Filed 17 December 1975)

1. Criminal Law § 66— in-court identification of robber — observation at crime scene as basis

The trial court properly allowed an armed robbery victim to make an in-court identification of defendant as one of the robbers where the victim testified that she observed the defendant at the scene of the crime for about one minute, the office where the robbery took place was well lighted, and defendant wore no mask during the robbery.

2. Criminal Law § 26; Robbery § 2— robbery of six individuals — separate offenses

Where defendant robbed six different people of their personal property and threatened and endangered each individual's life with a firearm, the armed robbery of each person was a separate and distinct offense.

APPEAL by defendant from *Brewer, Judge.* Judgments entered 10 April 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 24 October 1975.

Defendant was tried on indictments charging six counts of armed robbery. The evidence at trial tended to establish that the defendant and two companions entered the Harris Wholesale Company warehouse, armed with guns, threatened the company's receptionist, Pat Moccia, and robbed the building's occupants. Pat Moccia was able to identify the defendant as one of the men participating in the robbery.

Defendant offered evidence of alibi tending to establish that he was in Alexandria, Virginia, at the time of the robbery. The jury returned a verdict of guilty to each count of armed robbery charged. From judgments imposing prison sentences, defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris and Associate Attorney Wilton E. Ragland, for the State.*

*Thomas L. Barringer for defendant appellant.*

ARNOLD, Judge.

[1] We see no merit in defendant's argument that the trial court erred in finding that the in-court identification of defend-

State v. Lewis

ant by the witness was based on her observation of defendant at the scene of the crime and that the identification was untainted by out-of-court photographic identification.

The witness, Pat Moccia, testified on voir dire that she was able to observe the defendant during the robbery for about a minute and that he did not wear a mask. She stated that the lighting of the office provided as much illumination as the fluorescent lights provided for the courtroom. The defendant offered no evidence during the voir dire hearing. At the conclusion of the hearing the court made findings of fact substantially consistent with the State's evidence and defendant's motion to suppress the evidence was overruled. This was proper procedure. *State v. Burns,* 287 N.C. 102, 214 S.E. 2d 56 (1975). The trial court's findings of fact on the voir dire, supported as they are by ample evidence, are conclusive on appeal. *State v. Burns, supra; State v. Cross,* 284 N.C. 174, 200 S.E. 2d 27 (1973).

[2] Defendant also contends that the trial court erred in denying his motion for arrest of judgment. His argument that an armed robbery occurring at a single location at a single time, even though more than one person happens to be present and property is taken from more than one person, should be considered as a single offense is unsound.

This is not a situation, as in *State v. Potter,* 285 N.C. 238, 204 S.E. 2d 649 (1974), where the lives of all employees in a store are threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property. Six different people were robbed in the instant case. The defendant robbed each individual of his personal property and threatened and endangered each individual's life with a firearm. The armed robbery of each person was a separate and distinct offense. *State v. Johnson,* 23 N.C. App. 52, 208 S.E. 2d 206 (1974).

We have reviewed defendant's remaining assignments of error and they too are without merit.

No error.

Judges BRITT and VAUGHN concur.