STATE OF NORTH CAROLINA v. JIMMY DEAN WHEELER AND SHERMAN
VAN HAMMETT

No. 8324SC943

(Filed 4 September 1984)

1. Robbery § 6— robbery of husband and wife—two separate crimes

Defendants could properly be convicted of two counts of armed robbery
where the evidence showed that they held a husband and wife at gunpoint and
took personal property belonging to each. There was no merit to defendants'
contention that each victim had a special property interest in the item taken
from the other as a result of their marital relationship and joint possession so
that only one crime of robbery was committed.

2. Burglary and Unlawful Breakings § 1.2— constructive breaking by trickery

The State's evidence of constructive breaking was sufficient to support
defendants' convictions of felonious breaking or entering where it tended to
show that defendants gained entry into the victims' home by telling the vic-
tims that they wanted to use the telephone to call a hospital when their
motive in entering the home was robbery.

3. Criminal Law § 138— aggravating factors—deterring others—depreciating
seriousness of crime

The trial court erred in finding as aggravating factors in sentencing that
the sentence pronounced was necessary to deter others from the commission
of the same offenses and that a lesser sentence would unduly depreciate the
seriousness of defendant's crimes.

4. Criminal Law § 138— armed robbery—aggravating factors—age of victims

The trial court improperly found as aggravating factors in armed robbery
judgments that the victims were "very old" and that the female victim was
"physically infirm" where there was no evidence tending to show that the vic-
tims were selected as victims because of their age, that they were any more
vulnerable to being robbed at gunpoint than anyone else, or that the conse-
quences of such robbery were in any way more severe.

5. Criminal Law § 138— same evidence to support different aggravating factors

The trial court erred in relying on the same evidence to support findings
that defendant has served prior prison terms, that defendant has a long

history of prior criminal activity, and that defendant has prior convictions for offenses punishable by more than sixty days confinement.

APPEAL by defendants from *Albright, Judge*. Judgments entered 1 February 1983 in Superior Court, WATAUGA County. Heard in the Court of Appeals 20 August 1984.

Defendant Wheeler was charged in proper bills of indictment with the following offenses: armed robbery of Frank Brown (82CRS3290), armed robbery of Mattie Brown (82CRS3291), felonious breaking or entering the Brown residence (82CRS3615), felonious breaking or entering the residence of John and Felicia Long and felonious larceny of their property (82CRS3289), two counts of assaulting a law enforcement officer with a firearm (82CRS3294, 82CRS3295), discharge of a firearm into an occupied vehicle (82CRS3577), and kidnapping (82CRS3298). Defendant Hammett, whose case was consolidated for trial with that of defendant Wheeler, was charged in proper bills of indictment with the same offenses as Wheeler, and was also charged with misdemeanor escape from the Watauga County Jail. Both defendants were charged with additional offenses that did not result in convictions and which are not herein discussed. Both defendants were found guilty of two counts of armed robbery, one count of felonious breaking or entering of the Brown residence, one count of misdemeanor breaking or entering the Long residence and felonious larceny, two counts of assault on a law enforcement officer with a firearm, one count of attempt to discharge a firearm into an occupied vehicle, and one count of false imprisonment. Defendant Hammett was also found guilty of misdemeanor escape.

The court entered judgments on the verdicts on 1 February 1983. Defendant Wheeler was sentenced to the maximum term of forty years for the armed robbery of Frank Brown. For the armed robbery of Mattie Brown, defendant Wheeler received a forty-year term. The offenses of felonious larceny, felonious breaking or entering, and misdemeanor breaking or entering were consolidated for judgment, and defendant was sentenced to a ten-year term for these convictions. Also consolidated for judgment were the offenses of attempt to discharge a firearm into an occupied vehicle and assault on a law enforcement officer with a firearm (two counts), with defendant Wheeler receiving a five-year prison sentence for these convictions. Defendant Wheeler

was sentenced to a two-year term for his conviction of false imprisonment. Judge Albright ordered that each term was to run consecutively, rather than concurrently, resulting in a combined sentence of ninety-seven years. Defendant Wheeler appealed.

Defendant Hammett was sentenced to a forty-year term for the armed robbery of Frank Brown and to a consecutive twenty-year term for the armed robbery of Mattie Brown. The offenses of felonious larceny, misdemeanor breaking or entering, false imprisonment, and misdemeanor escape were consolidated for judgment, and defendant Hammett received a prison sentence of ten years for these offenses, to run consecutive to the forty-year term. Also consolidated for judgment were the offenses of attempt to discharge a firearm into an occupied vehicle, felonious breaking or entering, and assault on a law enforcement officer with a firearm (two counts), with defendant Hammett receiving a prison sentence of ten years for these offenses, to run consecutive to the term imposed for larceny, breaking or entering, false imprisonment, and escape. The total length of the combined sentences received by defendant Hammett is thus sixty years. Defendant Hammett appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Norma S. Harrell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant Wheeler.*

*Robert H. West for defendant Hammett.*

HEDRICK, Judge.

[1] Defendants first assign error to entry of judgment for two counts of armed robbery, contending that the evidence supports only a single conviction of armed robbery. The State's evidence tended to show that defendants were armed with rifles when they entered the home of Frank and Mattie Brown. The Browns, both eighty years old, had been married for approximately 60 years at the time of the crime. While defendant Wheeler held the Browns at gunpoint, defendant Hammett wandered through the house, during which time Hammett drank some cough syrup that had been prescribed for Mrs. Brown. Defendant Hammett also picked up a shotgun and shells belonging to Mr. Brown, handing these

items to defendant Wheeler, who took the gun and shells with him when he left.

Defendants contend that this evidence demonstrates only one instance of armed robbery. Each victim, they claim, had a special property interest in the item taken from the other as a result of their marital relationship and joint possession. The fact that each item was identified as the personal property of one person, defendants argue, is "not a material variance sufficient to convert these facts into two crimes." We disagree.

Resolution of this issue requires application of the "same evidence test" to the facts of the instant case. The "same evidence test" has been defined by our Supreme Court as follows: "Whether the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first indictment . . . or whether the same evidence would support a conviction in each case." *State v. Hicks*, 233 N.C. 511, 516, 64 S.E. 2d 871, 875 (1951) (citations omitted).

In *State v. Johnson*, 23 N.C. App. 52, 208 S.E. 2d 206, *cert. denied*, 286 N.C. 339, 210 S.E. 2d 59 (1974), this Court was confronted with a case involving facts similar to those of the instant case. In *Johnson,* the defendants were accused of robbing two men in a diner, taking personal property from each. We find the language of *Johnson* apposite here:

> [W]e find that the same evidence would not support a conviction in each case. Evidence of a robbery of property from the first victim will not support a conviction of a robbery of different property from a different victim.
>
> . . .
>
> Here defendants threatened the use of force on separate victims and took property from each of them. They were not employees. It was not the employer who was robbed. Rather each separate victim was deprived of property. The armed robbery of each person is a separate and distinct offense, for which defendants may be prosecuted and punished.

*Id.* at 55-56, 208 S.E. 2d at 208-09. Nor are we persuaded by defendants' contention that the marital relationship of the victims dictates a different result in the instant case. In *State v. Horne,*

59 N.C. App. 576, 297 S.E. 2d 788 (1982), this Court upheld defendant's conviction of two counts of armed robbery where the victims were married. The Court in *Horne* noted that the defendant had been charged in one bill of indictment with taking personal property belonging to one victim, the husband, and in another bill of indictment with taking personal property belonging to the other victim, the wife. Citing *Johnson*, the *Horne* Court held that the defendant's actions constituted two distinct offenses. We find *Johnson* and *Horne* controlling in the instant case and so find the assignments of error without merit.

[2] Defendants next contend that "the evidence was insufficient to support the conviction for the Brown breaking and entering." They argue that all the evidence shows that the Browns consented to defendants' entry into the Brown home, thus barring a finding that defendants "broke" or "entered" the home as those terms are used in N.C. Gen. Stat. Sec. 14-54(a).

Felonious entry is defined in N.C. Gen. Stat. Sec. 14-54(a) as follows: "Any person who . . . enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." Our Courts have held that an entry is punishable under this statute only if it is wrongful, i.e., without the owner's consent. *State v. Boone*, 297 N.C. 652, 256 S.E. 2d 683 (1979). Where "consent" is obtained by fraud or trickery, however, the law treats defendant's action as a "constructive breaking," sufficient to sustain conviction under the statute. *See State v. Henry*, 31 N.C. 463 (1849); *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976).

In the instant case, there is no contention that defendants' entry into the Brown house was accomplished by an actual breaking. The State proceeded instead on a theory of "constructive breaking," and it was as to this theory that the trial court instructed the jury. Our inquiry is thus limited to whether the evidence of constructive breaking was sufficient to permit submission of the case to the jury.

In reviewing the sufficiency of the evidence, the law is clear that the evidence must be considered

in the light most favorable to the State, and the State is entitled to . . . every reasonable inference to be drawn there-

> from. [Citation omitted.] Contradictions and discrepancies are
> for the jury to resolve. . . . All of the evidence actually ad-
> mitted, whether competent or incompetent, which is favor-
> able to the State is considered by the Court. . . . If there is
> substantial evidence—whether direct, circumstantial, or
> both—to support a finding that the offense charged has been
> committed and that defendant committed it, a case for the
> jury is made. . . .

*State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581-82
(1975); *see also State v. Thompson*, 59 N.C. App. 425, 297 S.E. 2d
177 (1982).

In the instant case, Mattie Brown testified as follows:

> They [the defendants] come to the door, and I reckon,
> maybe the door might have been kindly open, I don't re-
> member, but anyway, they told him that they wanted to call
> the Watauga Hospital.
>
> Q. They told your husband that?
>
> A. Yes. And so they come on—he told them well the
> phone was right there and the number was on the phone just
> to call. . . .

While it is true, as defendants contend, that Frank Brown
testified on cross-examination that defendants had already en-
tered the house when they asked to use the phone, this evidence
merely created an inconsistency for the jury to resolve. It did not,
contrary to defendants' contentions, require that the charges
against defendants be dismissed. Because the evidence, taken in
the light most favorable to the State, supports the conclusion that
defendants obtained entry by means of trickery, this assignment
of error must be overruled.

Defendants next assign error to the court's imposition of
sentences exceeding the presumptive in those cases which are
governed by the Fair Sentencing Act. N.C. Gen. Stat. Sec. 15A-
1340.4. In his brief defendant Wheeler states that the trial judge
"threw in the kitchen sink" when making findings in regard to ag-
gravating factors, and argues that numerous factors found by the
judge are unsupported by the evidence, are irrelevant to the pur-
poses of sentencing, or are affected by other error of law. Our ex-

amination of the factors found by the trial judge reveals several errors, and we hold that the judgments challenged by these assignments of error must be remanded for resentencing.

[3] Defendants first contend that the court erred in finding the following non-statutory factors in aggravation in connection with all of the judgments involving felonies:

> The sentence pronounced is necessary to deter others from the commission of the same offense.

> A lesser sentence than that pronounced by the Court would unduly depreciate the seriousness of the defendant's crime.

Our Supreme Court has held these considerations to be improper factors in aggravation. *State v. Jerrett,* 309 N.C. 239, 307 S.E. 2d 339 (1983); *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983).

[4] Defendants next contend that the court improperly found as aggravating factors in the armed robbery judgments that the victims were "very old" and that Mattie Brown was "physically infirm." We agree. Our case law makes clear that a finding of this factor is not necessarily appropriate in every case in which the victim might be described as "very old" or "physically infirm." *See, e.g., State v. Monk,* 63 N.C. App. 512, 305 S.E. 2d 755 (1983). Our Supreme Court has said that "vulnerability is clearly the concern addressed by this factor." *State v. Ahearn,* 307 N.C. 584, 603, 300 S.E. 2d 689, 701 (1983). We find no evidence in this record tending to suggest that the Browns were rendered more vulnerable to being robbed at gunpoint because of their advanced age. There is no evidence tending to show that the Browns were targeted as victims because of their age, or even that defendants were aware of their age when they selected the Brown home to enter with intent to commit robbery. The record contains no evidence tending to show that the Browns suffered physical injury of any type, or that the emotional discomfort resulting from being victimized was greater or more severe than that experienced by most victims of serious crimes. In short, we find no evidence tending to show that the Browns were selected as victims because of their age, that they were any more vulnerable to being robbed at gunpoint than anyone else, or that the consequences of such robbery were in any way more severe.

[5]   Defendants also assign error to the following findings, present in all judgments forming the basis of this assignment of error:

[1] The defendant has served prior prison terms.

[2] The defendant has a long history of prior criminal activity.

Defendants do not contend that the court erred in finding the statutory factor that defendants have prior convictions for offenses punishable by more than sixty days confinement. They contend instead that in finding the above-quoted non-statutory factors as well, the court improperly relied on the same evidence as that used to support the statutory finding, in violation of G.S. 15A-1340.4(a). Our examination of the record reveals that all of the factors listed above are based on the same evidence — defendants' prior criminal records. This Court has held that this is error. *State v. Harris*, 67 N.C. App. 725, 313 S.E. 2d 915 (1984).

Our disposition of the case makes it unnecessary for us to discuss other errors made by the trial judge in the course of finding some ninety aggravating factors. For the benefit of the trial judge on remand we reiterate the admonition of this Court in *State v. Baucom*, 66 N.C. App. 298, 301-02, 311 S.E. 2d 73, 75 (1984):

> In light of the increasing number of cases that have been remanded because of erroneous findings of non-statutory factors in aggravation, this Court deems it appropriate to remind trial judges that only one factor in aggravation is necessary to support a sentence greater than the presumptive term. The trial judge must determine that this factor is proved by a preponderance of the evidence and outweighs any mitigating factors. G.S. 15A-1340.4(b). "The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. [Citations omitted.]" *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). With these rules in mind the trial judge may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors. This prudent course of conduct would lessen the chance of having the case remanded for resentencing.

*See also State v. Benfield,* 67 N.C. App. 490, 313 S.E. 2d 198 (1984).

In defendants' trials we find no error, but all cases — except case #82CRS3298, wherein defendant Wheeler was found guilty of false imprisonment — are remanded for resentencing.

Chief Judge VAUGHN and Judge WELLS concur.