STATE OF NORTH CAROLINA v. MONICA BENITA YOUNG, DEFENDANT

No. COA08-161

(Filed 20 January 2009)

## 1. Evidence— impermissible opinion—withdrawal of evidence and curative instruction—failure to demonstrate prejudice

The trial court did not violate defendant's right to a fair trial in a misdemeanor breaking and entering case by posing two questions to witness Medlin that allegedly express the trial court's opinion that defendant obtained a claim of right to the pertinent trailer under false pretenses because: (1) when defendant objected to the trial court's questioning of this witness, defendant received precisely the relief she sought since her motion to strike was granted and the trial court issued an immediate curative instruction that defendant agreed was satisfactory; (2) defendant failed to preserve this issue for appellate review, and withdrawal of evidence and a curative instruction are generally enough to avert any prejudice; and (3) even assuming arguendo that the trial court erred, defendant failed to demonstrate prejudice given the overwhelming evidence against defendant, including a summary ejectment judgment's statement that defendant had no legal claim of right to remain in the pertinent residence and the undisputed fact that Chambers, and not Medlin, owned the trailer.

## 2. Burglary and Unlawful Breaking or Entering— misdemeanor breaking and entering—motion to dismiss—sufficiency of evidence—claim of right

The trial court did not err by denying defendant's motion to dismiss the charge of misdemeanor breaking and entering because: (1) it was undisputed that defendant broke or entered into a trailer without the consent of the owner or the tenants; and (2) although defendant points to her lease agreement with the lot owner to establish a claim of right, defendant had no claim of right to enter the trailer when a summary ejectment judgment specifically found that defendant had no legal claim to remain in the residence.

Appeal by defendant from judgment entered 13 September 2007 by Judge Paul G. Gessner in Halifax County Superior Court. Heard in the Court of Appeals 11 June 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Scott T. Slusser, for the State.*

*Betsy J. Wolfenden for defendant-appellant.*

GEER, Judge.

Defendant Monica Benita Young appeals from her conviction of misdemeanor breaking and entering. On appeal, defendant primarily argues that the trial court's questioning of a witness constituted an impermissible expression of judicial opinion and warrants a new trial. Although we hold that defendant failed to preserve this issue for appellate review, we also conclude that defendant's assertion that the questioning undermined her "claim of right" defense is unpersuasive given the evidence of the summary ejectment judgment specifically finding defendant had no claim of right to the premises.

<u>Facts</u>

At trial, the State's evidence tended to show the following facts. On 4 December 2006, Jacqueline Chambers owned a mobile home ("the trailer"). The trailer sat on lot 30 at 111 Happy Drive, Roanoke Rapids, North Carolina. Chambers had rented the lot from Linda Medlin for $85.00 per month for about nine years. In February 2006, Chambers moved out of the trailer to let her daughter T'Yara Thomas and her daughter's friend Arquize Artis live there, with the understanding that Thomas would make the monthly $85.00 lot rental payment to Medlin. Thomas, however, failed to pay the lot rent from February 2006 until March 2007.

In June or July 2006, defendant moved into Chambers' trailer with Thomas. In August 2006, Chambers asked defendant to leave the trailer, but defendant refused. Thomas and Artis brought an eviction action, and on 27 October 2006, a judgment for summary ejectment was entered against defendant by the Halifax County District Court. On 29 October 2006, defendant was escorted from the trailer by law enforcement pursuant to the eviction order.

On 5 November 2006—one week after defendant's eviction from Chambers' trailer—defendant approached Medlin and entered into a month-to-month lease for the lot on which Chambers' trailer sat. At that time, Chambers' monthly $85.00 lot rental payment had gone unpaid for approximately nine months. Defendant paid Medlin $85.00 for the first month's rent, and Medlin gave her a receipt stating that the payment was for the rental of lot 30. Medlin and defendant also

signed a lease agreement contract with the space specifying the premises being leased left blank. At trial, Medlin offered conflicting testimony as to whether she thought she had authority to let defendant use Chambers' trailer and whether she in fact intended to give defendant permission to use the trailer rather than just the lot.

On 4 December 2006, police officers contacted Chambers to report that they had found defendant at the trailer, accompanied by a locksmith whom defendant had hired to change the locks. Chambers went to the scene and found defendant inside the trailer. At that time, Chambers took out a warrant against defendant for misdemeanor breaking and entering, and defendant was arrested.

On 12 January 2007, defendant was found guilty in Halifax County District Court of misdemeanor breaking and entering and was sentenced to 30 days incarceration with 30 days credit for time served. Defendant gave notice of appeal to superior court. Following trial in superior court, the jury found defendant guilty of misdemeanor breaking and entering. The trial court sentenced her to 40 days incarceration with 40 days credit for time served. Defendant timely appealed to this Court. Defendant appeared *pro se* in both district court and superior court.

## Discussion

**[1]** Defendant contends that the trial court violated her right to a fair trial conducted by an impartial judge when the trial court posed two questions to witness Linda Medlin. These questions, defendant argues, impermissibly expressed the trial court's opinion that defendant obtained a claim of right to Chamber's trailer under false pretenses and indicated to the jury that it should find defendant guilty.

The trial court's questioning of Medlin followed both direct and cross-examination of Medlin by the State and defendant. During the State's direct examination, Medlin testified: "All I remember was telling [defendant]—She said [Chambers] wasn't there. Nobody was staying in the trailer so I thought I had okay for her, you know, to stay." Asked to clarify where, precisely, she thought it was okay for defendant to stay, Medlin replied, "Well, to rent the lot, I guess so." Medlin then testified that although she remembered talking with defendant about the trailer, she could not remember what she said.

On defendant's cross-examination, Medlin testified that she had told defendant she could stay in Chambers' trailer and merely pay lot rent. Then, however, on the State's re-direct examination, Medlin tes-

tified that she did not remember what, if anything, she said to defendant "about whether or not she could go into the trailer on Lot 30 and stay there."

At this point, the trial court interrupted to ask Medlin the following questions:

> The Court: On the day that you talked—Let me take you back to the day that you talked to Ms. Young about that contract that you all say you entered into and that she paid you $85. Did she tell you that nine days prior to that a judge had ordered her off that property?

> A. No, sir.

> The Court: Did she tell you that at some time prior to that, the sheriff had been there and had asked her to leave and she had left off that property?

> A. No, sir.

When the trial court convened the next day, defendant moved to strike the trial court's questions and Medlin's responses. The trial court granted the motion and agreed to issue a curative instruction to the jury. The trial court asked defendant if that would be satisfactory, and defendant answered "yes." The trial court also asked defendant whether she wished to make any other motions, and defendant replied, "Not at this time." When the jury entered the courtroom, the trial court gave the following instruction:

> Before we resume with out [sic] testimony, the defense has made a motion to strike a portion of the testimony from yesterday or the evidence from yesterday and I'm granting that motion.

> At this time, I'm going to instruct you to disregard and strike from the evidence any questions that I may have asked of a witness and any response that the witness may have given in response to that question and you're not to consider that in the evidence in this case or during your deliberations.

Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states: "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." Here, when defendant objected to the trial court's question-

ing of Medlin, she received precisely the relief that she sought: her motion to strike was granted, and the trial court issued an immediate curative instruction that defendant agreed was satisfactory. Defendant's argument on appeal that this instruction was not sufficient to cure any error was not properly preserved for review. Failure to preserve an issue for appellate review "ordinarily justifies the appellate court's refusal to consider the issue on appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008).

Moreover, withdrawal of evidence and a curative instruction are generally enough to avert any prejudice. *State v. Silva*, 304 N.C. 122, 133, 282 S.E.2d 449, 456 (1981) ("[T]he general rule is that an instruction that evidence is not to be considered accompanied by the withdrawal of that evidence cures any error in its admission."). In the present case, the trial judge issued a curative instruction immediately after granting defendant's motion to strike his questioning of Medlin from the record. Defendant makes no argument, and we can see no reason, why the general rule that withdrawal and a curative instruction are sufficient to avert prejudice should not apply here.

In any event, even if we assume *arguendo* that the trial court erred, defendant has failed to demonstrate prejudice. Not every impermissible opinion expressed by a trial court is grounds for a new trial. "Unless the comment might reasonably have had a prejudicial effect on defendant's trial, the error will be considered harmless." *State v. Gregory*, 340 N.C. 365, 408, 459 S.E.2d 638, 662 (1995), *cert. denied*, 517 U.S. 1108, 134 L. Ed. 2d 478, 116 S. Ct. 1327 (1996). "A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant." N.C. Gen. Stat. § 15A-1443(a) (2007).

Given the overwhelming evidence against defendant, we conclude that there is no reasonable possibility that, had the court not questioned Medlin, a different result would have been reached at trial. *See State v. Rushdan*, 183 N.C. App. 281, 286, 644 S.E.2d 568, 572 (holding that trial court's witness interrogation did not cause defendant prejudice when there was already "overwhelming evidence" showing defendant's guilt), *disc. review denied*, 361 N.C. 574, 651 S.E.2d 557 (2007). Although defendant argues that the trial court's questions undermined her "claim of right" defense by suggesting to

the jury that Medlin had been "fooled" by defendant into entering the lease agreement, defendant's "claim of right" had already been thoroughly countered by Medlin's testimony that Medlin only owned the lot and not the trailer; the fact that the $85.00 defendant paid Medlin for a one-month lease agreement correspond to the amount due only for the lot; and, most significantly, the evidence of the summary ejectment judgment that had, only seven days prior to defendant's rental agreement with Medlin, resulted in defendant's eviction. That judgment contained explicit findings establishing that the trailer was owned by Chambers and that "[t]he Defendant has no legal claim to remain in the residence." In light of the judgment's statement that defendant had no legal claim of right to remain in the residence, and the undisputed fact that Chambers and not Medlin owned the trailer, there is no reasonable possibility that the jury would have reached a contrary verdict even if the trial court had not questioned Medlin. Accordingly, any error made by the trial court was harmless.

[2] Defendant next argues on appeal that the trial court erred when it denied her motion to dismiss. A defendant's motion to dismiss should be denied if there is substantial evidence: (1) of each essential element of the offense charged and (2) of defendant's being the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. *Id.* at 597, 573 S.E.2d at 869. On review of a denial of a motion to dismiss, this Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *Id.* at 596, 573 S.E.2d at 869. Unless favorable to the State, the defendant's evidence is not to be taken into consideration. *Id.* Contradictions and discrepancies in the evidence do not warrant dismissal, but rather are for the jury to resolve. *Id.*

Defendant was convicted of misdemeanor breaking and entering under N.C. Gen. Stat. § 14-54(b) (2007), which states: "Any person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor." Thus, to survive a motion to dismiss, the State must present substantial evidence of (1) a breaking or entry, (2) into a building, (3) that was wrongful at the time. A breaking or entry is wrongful when it is without the consent of the owner or tenant or other claim of right. *See, e.g., State v. Mathis*, 126 N.C. App. 688, 691-93, 486 S.E.2d 475, 477-78 (1997) (reversing breaking and entering conviction on the grounds that jury was not instructed on the "claim of right" bondsmen have to break and enter the house of

someone who has jumped bail), *aff'd on other grounds*, 349 N.C. 503, 509 S.E.2d 155 (1998); *State v. Wheeler*, 70 N.C. App. 191, 195, 319 S.E.2d 631, 634 ("Our Courts have held that an entry is punishable under this statute only if it is wrongful, i.e., without the owner's consent."), *disc. review denied*, 312 N.C. 624, 323 S.E.2d 925 (1984), *cert. denied*, 316 N.C. 201, 341 S.E.2d 583 (1986); *State v. Chambers*, 52 N.C. App. 713, 723, 280 S.E.2d 175, 181 (1981) (upholding trial court's jury instruction that misdemeanor breaking or entering must be "wrongful—without any claim of right"). *Cf. State v. Clyburn*, 247 N.C. 455, 462, 101 S.E.2d 295, 300 (1958) ("An entry under a *bona fide* claim of right avoids criminal responsibility under [the trespass statute].").

It is undisputed that defendant broke or entered into Chambers' trailer without the consent of Chambers or the tenants. Although defendant points to her lease agreement with Medlin as establishing a claim of right, we have previously outlined the substantial evidence that defendant had no claim of right to enter Chambers' trailer, including the judgment specifically finding that defendant "has no legal claim to remain in the residence." Viewed in the light most favorable to the State, this evidence is sufficient to allow a reasonable juror to conclude that defendant did not have a claim of right to enter Chambers' trailer. The trial court, therefore, did not err in denying defendant's motion to dismiss.

No error.

Judges McGEE and STEELMAN concur.