IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-136

No. COA21-348

Filed 1 March 2022

Person County, No. 20 CRS 36

STATE OF NORTH CAROLINA

v.

TYCOY PETTIFORD, Defendant.

Appeal by Defendant from judgment entered 31 August 2020 by Judge John M. Dunlow in Person County Superior Court. Heard in the Court of Appeals 22 September 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Caden William Hayes, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Defendant-Appellant.*

WOOD, Judge.

Tycoy Pettiford ("Defendant") appeals from a judgment on August 31, 2020, revoking his probation. After a careful review of the record and applicable law, we affirm the judgment of the court.

## I.    Facts and Procedural Background

On June 2, 2020, Defendant entered an *Alford* plea to one count of assault with

a deadly weapon with the intent to kill. The trial court sentenced Defendant to 25 to 42 months in prison and suspended the sentence for 30 months of supervised probation. On June 11, 2020, Defendant's probation officer, Officer Jim Lynch, filed a Violation Report. Officer Lynch attested under oath that "Defendant has willfully violated [his probation by] . . . committ[ing] the crime of . . . [misdemeanor] breaking . . . [or] entering."

¶ 3        The trial court held a probation violation hearing on August 31, 2020. Defendant denied he had committed the criminal offense of misdemeanor breaking or entering. The State and Defendant stipulated to the following: On June 8, 2020, an officer responded to a breaking or entering call at an apartment complex. The officer arrived to the complex and spoke to the complex's manager, David Turner. Turner stated one of his employees went to perform work on a vacant apartment within the complex. Upon entering the apartment, the worker discovered a female and a male in the back room. The male offender was a black male with dark hair and wearing a dark shirt and jeans. After seeing the male and female, the worker quickly exited the apartment. The female offender then walked out the front door, got into a silver Chevy Cobalt, and left the scene. Furthermore, the female offender was later identified as Daniah Richardson ("Richardson").

¶ 4        Jason Howell, a detective with the Roxboro Police Department, testified for the State. Detective Howell reported he "recovered several latent prints off the point of

entry, point of exit window in the rear of the residence." One of the fingerprints was determined to be that of Defendant. Detective Howell spoke with the property manager of the apartment and, based upon that conversation, formed the belief Defendant did not have permission to be in the apartment. Defendant lived next door to the apartment with his mother and was known to associate with Richardson.

¶ 5        Based upon the evidence presented, the trial court found Defendant violated his probation by committing a new offense of misdemeanor breaking or entering and activated Defendant's suspended sentence on August 31, 2020. The day after the probation hearing, the State voluntarily dismissed the misdemeanor breaking or entering charge.

¶ 6        On September 9, 2020, Defendant filed a motion for appropriate relief asking the trial court to set aside the revocation of his probation. The trial court entered an order on September 28, 2020, denying Defendant's motion for appropriate relief. Defendant next filed an appeal to this Court wherein this Court granted Defendant's petition for writ of certiorari for the purpose of reviewing the August 31, 2020 judgment revoking Defendant's probation and the September 28, 2020 order denying Defendant's motion for appropriate relief. In our order granting certiorari, we remanded the case to the trial court to determine whether Defendant was entitled to appointment of counsel, indigent status, release on bond pending appeal, and a copy of the transcript at the State's expense.

¶ 7        On remand on April 12, 2021, the trial court found Defendant was indigent and entitled to an appointment of counsel and denied Defendant's motion to set bond while the matter was on appeal.  Defendant comes before this Court pursuant to an order granting certiorari and now appeals the August 31, 2020 activation of his suspended sentence, arguing that insufficient evidence existed to show he violated his probation, or, in the alternative, the trial court abused its discretion by revoking his probation.

## II.    Discussion

¶ 8        Defendant raises several issues on appeal; each will be addressed in turn.

### A. Sufficient Evidence to Show Defendant Violated His Probation

¶ 9        Defendant first argues on appeal the State's evidence was insufficient to show he committed a new offense in violation of his probation.  Prior to revoking a defendant's probation, the trial court must conduct a hearing to determine whether to revoke or to extend the probation.  N.C. Gen. Stat. § 15A-1345(e) (2021).  The court must make findings of fact to support its decision and make a summary record of the probationary proceeding.  *Id.*  Our Supreme Court has firmly established, "[p]robation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime."  *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967) (citation omitted).  Thus, a defendant in a probation proceeding has "more limited due process rights."  *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014)

(brackets omitted) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 789, 93 S. Ct. 1756, 1763, 36 L. Ed. 2d 656, 666 (1973)). A probation proceeding is more informal than a criminal prosecution and, accordingly, "the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." *Duncan*, 270 N.C. at 245, 154 S.E.2d at 57 (citation omitted).

¶ 10        Defendant attempts to persuade this Court to examine the sufficiency of the evidence presented at the probationary hearing. The function of this Court when reviewing the sufficiency of the evidence in a probation hearing is not to conduct a *de novo* review of the evidence and thereby replace the trial court's findings with our own. Rather, it is the role of this court to determine if evidence existed so as to reasonably satisfy the trial court judge that a violation of probation occurred. *See Duncan*, 270 N.C. at 245, 154 S.E.2d at 57 (1967).

¶ 11        The findings of a trial court judge which are based on competent evidence are required only to be "such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *Murchison*, 367 N.C. at 464, 758 S.E.2d at 358 (quoting *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967)); *see also State v. Guffey*, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960). "Judicial discretion implies conscientious judgment . . . [i]t takes account of the law and the particular circumstances of the case, and [is] '. . . directed

by the reason and conscience of the judge to a just result.'" *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (quoting *Langnes v. Green*, 282 U.S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520, 526 (1931)).

¶ 12      In this case, we only need to examine whether the evidence was such as to reasonably satisfy the trial court judge that Defendant violated his probation by committing the new offense of misdemeanor breaking or entering. A misdemeanor breaking or entering under N.C. Gen. Stat. § 14-54(b) is the wrongful breaking or entering into a building. N.C. Gen. Stat. § 14-54(b) (2021); *State v. Young*, 195 N.C. App. 107, 112, 671 S.E.2d 372, 375 (2009). "A breaking or ent[ering] is wrongful when it is without the consent of the owner or tenant or other claim of right." *Young*, 195 N.C. App. at 112, 671 S.E.2d at 375.

¶ 13      Here, the trial court judge was presented with the following evidence. The State and Defendant stipulated that when the apartment's property manager arrived at the apartment, a male and Richardson were in the back room. At the hearing, a police officer testified Defendant was known to associate with Richardson "on a routine basis." The officer recovered several prints from the point of entry, a window in the rear of the residence. One of the prints was identified as belonging to Defendant. The police officer spoke with the apartment's property manager, and based on this discussion, formed the opinion that Defendant did not have permission to be inside the apartment. Moreover, Defendant lived next door to the apartment.

¶ 14    Examining the evidence presented at the probation hearing, we hold competent evidence was presented to satisfy the trial court judge that Defendant broke or entered into the apartment without permission from the property manager. In other words, competent evidence exists that Defendant willfully violated his probation by committing a new offense of misdemeanor breaking or entering.

¶ 15    We recognize that based on the evidence, the State likely could not have proven Defendant committed the offense of misdemeanor breaking or entering in a criminal prosecution wherein the burden of proof is beyond a reasonable doubt. However, this was a probation hearing wherein the burden of proof is probable cause and wherein the rules of evidence do not apply. Thus, we are compelled to hold competent evidence existed so as to satisfy the trial court judge that Defendant had committed a new criminal offense in violation of the conditions of his probation.

## B. No Abuse of Discretion in Revoking Defendant's Probation

¶ 16    Next, Defendant contends the trial court abused its discretion by revoking his probation. When reviewing the decision of a trial court to revoke probation, we review for abuse of discretion. *Murchison*, 367 N.C. at 464, 758 S.E.2d at 358. *See Guffey*, 253 N.C. at 45, 116 S.E.2d at 150.

¶ 17    An abuse of discretion occurs when "a ruling 'is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (quoting *State v.*

*Peterson*, 361 N.C. 587, 602, 652 S.E.2d 216, 227 (2007)). Under N.C. Gen. Stat. § 15A-1344(a), a trial court may "reduce[], terminate[], continue[], extend[], modify[], or revoke[]" a defendant's probation when a defendant commits a criminal offense in any jurisdiction. N.C. Gen. Stat. § 15A-1344(a) (2021). However, a trial court is "not obligated to activate a defendant's sentence" should a defendant be found to have violated probation. *State v. Arnold*, 169 N.C. App. 438, 441, 610 S.E.2d 396, 398 (2005).

¶ 18    Per our analysis herein, competent evidence existed to support the trial court's finding Defendant violated his probation by committing the new offense of misdemeanor breaking or entering. Thus, pursuant to N.C. Gen. Stat. § 15A-1344(a), the trial court had the authority to revoke Defendant's probation. We note that an alternative, more fitting means of punishment may have been more appropriate for Defendant due to his age and the circumstances surrounding the violation; nonetheless, we hold the trial court's decision to revoke Defendant's probation and to activate Defendant's sentence was not so devoid of reason or so arbitrary as to be considered an abuse of discretion.

### III.    Conclusion

¶ 19    Based on the analysis above, we are compelled to hold that the State presented sufficient evidence that Defendant violated the terms of his probation and that the trial court did not abuse its discretion by revoking Defendant's probation.

AFFIRMED.

Judges DILLON and COLLINS concur.